ACCEPTED
03-14-00148-CV
6386149
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/6/2015 1:24:51 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00148-CV

**IN THE THIRD COURT OF APPEALS**
**AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/6/2015 1:24:51 PM
JEFFREY D. KYLE
Clerk

**MEHMET TURAN ERKAN,**

*Appellant*,

**v.**

**HABIBE NALAN ERKAN,**

*Appellee*.

On Appeal from the 201st Judicial District Court
Travis County, Texas
Trial Court Cause No. D-1-FM- 12-002773
The Honorable Stephen Yelenosky, Presiding Judge

**APPELLANT'S MOTION FOR LEAVE**
**AND FOR EXTENSION OF TIME TO FILE 2nd AMENDED BRIEF**
**AND AMENDED NOTICE OF APPEAL**

Respectfully submitted,

Jennifer L. Mathis
Texas Bar No. 24081964
mathisjl@gmail.com
3603 Parkway Terrace
Bryan, Texas 77802
(972) 822-6374 – Telephone
(972) 692-5223 – Fax

ATTORNEY FOR APPELLANT

TO THE HONORABLE JUSTICES OF SAID COURT:

Appellant Mehmet Turan Erkan ("Appellant") files his *Appellant's Motion for Leave and for Extension of Time to File 2nd Amended Brief and Amended Notice of Appeal* pursuant to TEX. R. APP. P. 38.7 and TEX. R. APP. P. 10.5(b). Appellant asks the Court for leave to amend his brief to include the Second Supplemental Record that was filed on July 13, 2015. In support of this motion, Appellant would show the Court the following:

<u>PROCEDURAL BACKGROUND</u>

1. On February 6, 2014, Appellant filed a *Notice of Appeal*.
2. On March 12, 2014, the Clerk's Record was filed with the court.
3. On March 19, 2014, the Docketing Statement was filed with the court.
4. On March 19, 2014, the Reporter's Record was filed with the court.
5. On April 14, 2014, Appellant, *pro se*, filed his brief.
6. On May 19, 2014, the court issued a notice to Appellee that her brief was late, asking Appellee to respond by May 29, 2014.
7. On June 4, 2014, Appellant's newly retained counsel filed an appearance Motion for Leave and Extension of Time to file an amended brief.
8. On June 5, 2014, Appellant's motion was granted.
9. On July 7, 2014, Appellant filed his First Amended Brief.
10. On July 13, 2015, a supplemental record was filed containing an Amended Final Decree of Divorce. *See* Exhibit "A".

## REQUEST FOR LEAVE AND EXTENSION OF TIME TO FILE
## AMENDED BRIEF AND NOTICE OF APPEAL

11.     Pursuant to TEX. R. APP. P. 38.7, Appellant seeks leave to file an amended brief and notice of appeal to correct a superficial error. Rule 38.7 allows a party to amend or supplement a brief whenever justice requires, on whatever reasonable terms the court may prescribe.

12.     Mr. Erkan filed a notice of appeal *pro se* with the trial court on February 6, 2014. After Mr. Erkan filed his notice of appeal, on March 6, the divorce decree was amended. The undersigned was retained sometime in May, 2014, through a pro bono appellate organization. The undersigned was provided with the clerk's record and other documents relating to the appeal. However, the original clerk's record did not reflect that there was an amended divorce decree. The undersigned was not aware of the amended decree when she prepared and filed Appellant's Amended Brief.

13.     By chance, Appellant's counsel recently became aware of the *Amended Final Decree of Divorce* and requested a supplemental record, which was filed on July 13, 2015. There are no material changes between the *Final Decree of Divorce* and the *Amended Final Decree of Divorce.* The terms of the decree that are the subject of this appeal are the same in both decrees. The grounds for this appeal remain the same.

14. However, because Appellant's counsel was not aware of the amended decree, Appellant's Amended Brief inadvertently refers to the original divorce decree and not the amended one. Appellant's counsel requests permission to amend Appellant's Brief and Notice of Appeal to correct this superficial error so that Appellant will not be prejudiced by this error. The only changes Appellant will make to his Brief and Notice of Appeal will be to change all references to the original divorce decree to instead refer to the Amended Final Divorce Decree filed on March 6, 2014.

15. The undersigned also requests an extension of time, pursuant to TEX. R. APP. P. 10.5(b), of ten days to file Appellant's Amended Brief and Notice of Appeal.

16. Appellee will not be prejudiced by the granting of this motion. Appellee is not represented by counsel and has not filed a responsive brief to Appellant's Amended Brief, filed more than one year ago.

17. Pursuant TO TEX. R. APP. P. 10.5(b)(1)(A), the original deadline for filing Appellant's Brief was April 18, 2014.

18. However, there is no deadline stated in the rules for filing an amended brief. TEX. R. APP. P. 38.7 states that amended briefs are allowed when justice requires and on whatever reasonable terms the court prescribes.

19.     Pursuant to Tex. R. App. P. 10.5(b)(1)(B), the length of the extension sought is ten days.[1]

20.     Pursuant to TEX. R. APP. P. 10.5(b)(1)(C), the facts relied on to reasonably explain the need for an extension are: (1) Appellant's counsel was unaware that the divorce decree had been amended; (2) Appellant's Amended Brief inadvertently refers to the wrong divorce decree; (3) There are no material changes between the original divorce decree and the amended divorce decree; (4) the grounds of appeal and the overall substance of Appellant's Brief remain the same; (5) Appellee has not yet filed a response to Appellant's Amended Brief; and (6) Appellee will not be prejudiced by granting the extension.

21.     Pursuant to Tex. R. App. P. 10.5(b)(1)(D), there has been one previous extension granted to Appellant regarding Appellant's Brief.

PRAYER

For these reasons, Appellant Mehmet Turan Erkan requests that the Court sign an order granting *Appellant's Motion for Leave and for Extension of Time to File 2nd Amended Brief and Notice of Appeal* and extend the time for filing the Appellant's 2nd Amended Brief and Notice of Appeal up to and including August 16, 2015.  Appellant also requests any other relief to which he may be entitled.

---

[1] Appellant's Amended Brief would be due on or before August 16, 2015.

Respectfully submitted,

By: _____
      Jennifer L. Mathis
      Texas Bar No. 24081964
      mathisjl@gmail.com
      3603 Parkway Terrace
      Bryan, Texas 77802
      (972) 822-6374 – Telephone
      (972) 692-5223 – Fax

      ATTORNEYS FOR APPELLANT

## CERTIFICATE OF CONFERENCE

In accordance with TEX. R. APP. P. 10.1(a)(5), I certify that on August 5, 2015, at 1:41 P.M., and again on August 6, 2015, at 10:09 A.M., I attempted to call Appellee and confer on this motion. On both occasions, there was no answer, and I was not able to leave a message for Appellee because her mailbox was full. It is not known if Appellee is opposed to this motion. However, I have recently obtained the correct address for Ms. Erkan and will be sending her a copy of this Motion via certified and regular mail. The correct address is noted in my Certificate of Service below for the Court's records.

_____
Jennifer L. Mathis

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, pursuant to the Texas Rules of Appellate Procedure, a true and correct copy of the above and foregoing instrument was mailed to Appellee on August 6, 2015, at the following address:

Habibe Nalan Erkan
8804 Tallwood Drive, Apt. 29
Austin, Texas 78759

APPELLEE

_____
Jennifer L. Mathis

# Exhibit A

**CLERK'S RECORD**

VOLUME 1 of 1

APPEAL

Trial Court Cause No. D-1-FM-12-002773

In the 201ST District Court
of Travis County, Texas
Honorable STEPHEN A. YELENOSKY Judge Presiding

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

7/13/2015 3:21:44 PM

JEFFREY D. KYLE
Clerk

---

ERKAN, Plaintiff(s)

vs.

ERKAN, Defendant(s)

---

Appealed to the
Court of Appeals for the Third District of Texas, at Austin, Texas

---

Attorney for Appellant(s): ERKAN TURAN MEHMET
505 WEST 7TH STREET, APT 119 AUSTIN, TEXAS 78701
Telephone no.: (512)9452023
Fax no.: ( )
SBOT no.:

---

Delivered to the
Court of Appeals for the Third District of Texas, at Austin, Texas
on the 13 day of July, 2015.

Chloe Jimenez
Deputy

# INDEX

| FILED DATE | DOCUMENT DESCRIPTION | DOCUMENT CATEGORY | PAGE |
|---|---|---|---|
| | Appeals Cover Page | Appeal Cover Page | 1-1 |
| | Index | Index | 2-2 |
| 3/6/2014 | !ORD:OTHER ORDER | !ORD:OTHER ORDER | 3-31 |
| | Clerks Record Page | Clerks Record | 32-32 |

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

DC          BK14087 PG40

*Print court information exactly as it appears on the Petition for Divorce.*

Cause Number: D-1-FM-12-002773

**IN THE MATTER OF THE MARRIAGE OF**

Petitioner: MEHMET TURAN ERKAN
*Print first, middle and last name of the spouse filing for divorce.*

And

In the 201 ST
*Court Number*

☑ District Court
☐ County Court at Law

Respondent: HABIBE NALAN ERKAN          TRAVIS          County, Texas
*Print first, middle and last name of other spouse.*

Filed In The District Court of Travis County, Texas
MAR - 6 2014
At _____ M.
Amalia Rodriguez-Mendoza, Clerk

**AND IN THE INTEREST OF:** *(List all children you and your spouse have together who are under 18 or still in high school.)*

1. Bergum Irem Erkan  2. Omer Oguz Erkan  3. _____
4. _____  5. _____  6. _____

## Amended Final Decree of Divorce

A hearing took place on October 22, 2013 and December 9, 2013. On October 22, 2013, the hearing was continued in order for the parties to conduct further discovery.
*Date*

There was no jury. Neither the husband nor wife asked for a jury.

## 1. Appearances

### Petitioner

The Petitioner's name is: Mehmet Turan Erkan .
*First          Middle          Last*

The Petitioner is the: *(Check one.)* ☑ Husband  ☐ Wife

*(Check one.)*

☑ The Petitioner **was present**, representing him/herself  The Petitioner announced ready for trial.

☐ The Petitioner **was present**, representing him/herself.  The Petitioner has signed below agreeing to the terms of this Final Decree of Divorce (called "Decree" throughout this document).

☐ The Petitioner **was not present** but has signed below, agreeing to the terms of this Decree.

### Respondent

The Respondent's name is: Habibe Nalan Erkan .
*First          Middle          Last*

The Respondent is the: *(Check one.)* ☐ Husband  ☑ Wife

*(Check one.)*

☑ The Respondent **was present**, representing him/herself.  The Respondent announced ready for trial.

☐ The Respondent **was present**, representing him/herself.  The Respondent has signed below agreeing to the terms of this Decree.

☐ The Respondent was **not present**, but filed an Answer or Waiver of Service and has signed below agreeing to the terms of this Decree.

☐ The Respondent was **not present**, but filed a Global Waiver of Service that waived Respondent's right to notice of this hearing and did not otherwise appear.

☐ The Respondent was **not present**, but was served and has defaulted. The Petitioner has filed a Certificate of Last Known Address and a Military Status Affidavit.

**The Court fills out this box.**

## 2. Record

☑ A Court reporter recorded today's hearing.

☐ A Court reporter did not record today's hearing because the Husband, Wife, and judge agreed not to make a record.

☐ A Statement of the Evidence was signed by the Court.

## 3. Jurisdiction

The Court heard evidence and finds that it has jurisdiction over this case and the parties, that the residency and notice requirements have been met, and the *Petition for Divorce* meets all legal requirements.

The Court finds that: *(Check one.)*

☑ it has been at least 60 days since the *Petition for Divorce* was filed.

☐ the 60 day waiting period is not required because: *(Check one.)*

    ☐ Petitioner has an active Protective Order under Title 4 of the Texas Family Code, or an active magistrate's order for emergency protection under Article 17.292 of the Texas Code of Criminal Procedure against Respondent because Respondent committed family violence during the marriage.

    ☐ Respondent has a final conviction or has received deferred adjudication for a crime involving family violence against Petitioner or a member of Petitioner's household.

## 4. Divorce

IT IS ORDERED that the Petitioner and the Respondent are divorced.

## 5. Children

### 5A. Children Husband and Wife Have Together

The Court finds that the Husband and Wife are the parents of the children listed below and that there are no other children born to or adopted by Husband and Wife who are under 18 <u>or</u> still in high school.

*(List <u>all</u> biological and adopted children you and your spouse have together who are under 18 or over 18 and still in high school.)*



| Child's name | Sex | Date of Birth | Place of Birth | Social Security # | State where child lives now |
|---|---|---|---|---|---|
| 1 | F | | Austin, Texas | | Texas |
| 2 | m | | Austin, Texas | | Texas |
| 3 | | / / | | | |
| 4 | | / / | | | |
| 5 | | / / | | | |
| 6 | | / / | | | |

The Court finds that there are **no other court orders** regarding any of the children listed above.

### 5B. Disabled Children

The Court finds that the Husband and Wife do **not** have any disabled children of any age.

> **Remember:** Talk to a lawyer if you have a disabled child or an adult disabled child. You or your spouse may be entitled to child support even after the child becomes an adult.

### 5C. Pregnancy

The Court finds that the Wife is **not** pregnant.

> **Remember:** You cannot finish your divorce while the wife is pregnant.

### 5D. Children Born during the Marriage, but the Husband Is Not the Father

(Check one.)

☑ The Court finds that the Wife did **not** have children with another man while married to the Husband.

☐ The Court finds that the child/ren listed below was/were born to the Wife during the marriage, but the Husband is not the biological father. The Court further finds that:

> **Remember:** If the wife had children with another man while married to the husband, *you cannot finish your divorce until:* 1) a court order establishes that another man is the father of the children, *or* 2) a court order establishes that the Husband is <u>not</u> the father of the children, *or* 3) paternity of the children is established by filing a valid Acknowledgment and Denial of Paternity. See Texas Family Code Section 160.204. Get more information about establishing paternity at *www.TexasLawHelp.org.*

(Check all that apply.)

☐ A court order has established that another man is the biological father of the child/ren listed below. A copy of the court order is attached to this Decree as Exhibit ____.

☐ A court order has established that the Husband is <u>not</u> the biological father of the child/ren listed below. A copy of the court order is attached to this Decree as Exhibit ____.

☐ A valid *Acknowledgement of Paternity* was signed by the biological father <u>and</u> a valid *Denial of Paternity* was signed by the Husband for the child/ren listed below. The *Acknowledgment of Paternity* and *Denial of Paternity* were filed with the Vital Statistics Unit. A copy of the *Acknowledgment of Paternity* and *Denial of Paternity* is attached to this Decree as Exhibit ____.

*You <u>must</u> list all children born during the marriage who are <u>not</u> the biological or adopted children of the husband.*

| | Child's name | Sex | Date of Birth |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

## 6. Parenting Plan

The Court finds that the following orders concerning the rights and duties of the Husband and Wife in relation to their child/ren, including orders for conservatorhip (custody), possession and access (visitation), child support and medical support, are in the child/ren's best interest.

The Court further finds that these orders constitute the parenting plan of the Court for the child/ren listed by name in **5A** above.

## 7. Conservatorship (Custody)

### 7A. Rights and Duties of Both Parents

The Court **ORDERS** that <u>both</u> parents *always* have the following rights:

1. The right to receive information from the other parent or conservator about the child/ren's health, education, and welfare;

2. The right to talk or confer with the other parent, to the extent it is possible, about upcoming decisions concerning the child/ren's health, education, and welfare;

3. The right to have access to the child/ren's medical, dental, psychological, and educational records;

4. The right to talk or consult with the child/ren's doctors, dentists, and psychologists;

5. The right to talk or consult with school officials, including teachers, and school staff, about the child/ren's welfare and educational status and school activities;

6. The right to attend the child/ren's school activities;

7. The right to be designated as an emergency contact on their child/ren's records;

8. The right to give consent for emergency medical, dental, and surgical treatment if the child/ren's health or safety is in immediate danger; and

9. Each parent has the right to manage the child/ren's estate(s) if he or she created it for the child/ren or if that parent's family created it for the child/ren.

The Court **ORDERS** that <u>both</u> parents *always* have the following duties:

1. the duty to inform the other parent in a timely manner of significant information concerning the health, education, and welfare of the child/ren; and

2. the duty to inform the other parent if the parent resides with for at least thirty days, marries, or intends to marry a person who the parent knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense that would require the person to register as a sex offender under that chapter, if convicted. The parent IS ORDERED to give this notice as soon as practicable, but no later than the 40th day after the date the parent or conservator begins to reside with the person, or within 10 days of marrying the person. The notice must include a description of the offense that required the person to register as a sex offender or the offense that the person is charged with that may require the person to register as a sex offender. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

The Court **ORDERS** that <u>each</u> parent, during his or her periods of possession of the children, has the following rights and duties:

1. The duty to care for, control, protect, and reasonably discipline the child/ren;

2. The duty to support the child/ren, including providing them with food, clothing, and shelter, and medical and dental care that does not involve an invasive procedure;

3. The right to consent to non-invasive medical and dental care for the child/ren; and

4. The right to direct the child/ren's moral and religious training.

6

### 7B. Parents Appointed Conservators

*If the parents will be <u>joint managing conservators</u>, check box **7B(1)** below and fill in the requested information.*

*If one parent will be the <u>sole managing conservator</u> and the other will be the <u>possessory conservator</u>, check box **7B(2)** on the next page and fill in the requested information.*

### 7B(1) ☑ Joint Managing Conservators

The Court **ORDERS** that the parents are appointed **Joint Managing Conservators** <u>and</u>:

*(Check 7B(1)(a) or 7B(1)(b).)*

**7B(1)(a)** ☑ **One Parent Has the Exclusive Right to Decide Where the Child/ren Live.**

The Court **ORDERS** that <u>Habibe Nalan Erkan</u>
<span style="font-size:smaller">*Print the name of the parent who will decide where the child/ren live.*</span>

has the <u>exclusive</u> right to designate the primary residence of the child/ren and that s/he:
*(Check one.)*

☐ may designate the child/ren's residence without regard to geographic location.

☑ must designate the child/ren's residence within the following geographic area:
*(Check one.)*

    ☐ the school attendance zone of: _____.

    ☑ this county. **(Travis)** ☐ this county or county adjacent to this county.

    ☐ Texas.      ☐ other: _____.

**7B(1)(b)** ☐ **Neither Parent Has the Exclusive Right to Decide Where the Child/ren Live.**

The Court **ORDERS** that neither parent has the exclusive right to designate the primary residence of the children. However, both parents are **ORDERED** not to move the children's primary residence from the following geographic area:
*(Check one.)*

☐ the school attendance zone of: _____.

☐ this county.   ☐ this county or county adjacent to this county.

☐ other: _____.

The Court **ORDERS** that the parents, as **Joint Managing Conservators**, also have the rights and duties as marked below. The right or duty listed in the 1st column shall be exercised by the parent or parents as marked in the 2nd, 3rd, 4th, or 5th column.

| *(Check one box in each row.)* | Mother exclusively | Father exclusively | Parents jointly | Parents independently |
|---|---|---|---|---|
| 1. the right to consent to invasive medical, dental, and surgical treatment for the child/ren | ☐ | ☐ | ☑ | ☐ |
| 2. the right to consent to psychiatric or psychological treatment for the child/ren | ☐ | ☐ | ☑ | ☐ |
| 3. the right to receive child support and save or spend these funds for the child/ren's benefit | ☑ | ☐ | No | No |
| 4. the right to represent the child/ren in a legal action and make important legal decisions that affect the child/ren | ☐ | ☐ | ☑ | ☐ |
| 5. the right to consent to a child's marriage, or to a child enlisting in the U.S. Armed Forces | ☐ | ☐ | ☑ | ☐ |
| 6. the right to make decisions concerning the child/ren's education | ☐ | ☐ | ☑ | ☐ |

| (Check one box in each row.) | Mother exclusively | Father exclusively | Parents jointly | Parents independently |
|---|---|---|---|---|
| 7. the right to the services and earnings of the child/ren | ☐ | ☐ | ☑ | ☐ |
| 8. the right to make decisions for the child/ren about their estates if required by law (unless the child/ren have a guardian or attorney ad litem or guardian of the estate) | ☐ | ☐ | ☑ | ☐ |
| 9. the duty to manage the child/ren's estates to the extent the estates have been created by the parents' community or joint property. | ☐ | ☐ | ☑ | ☐ |

**7B(2) ☐ Sole Managing Conservator and Possessory Conservator**

The Court **ORDERS** that _____ is
(Print the name of the parent appointed Sole Managing Conservator of the children.)
appointed **Sole Managing Conservator** of the children.

The Court **ORDERS** that _____ is
(Print the name of the parent appointed Possessory Conservator of the children.)
appointed **Possessory Conservator** of the children.

The Court **ORDERS** that the **Sole Managing Conservator** has the following <u>exclusive</u> rights and duty:

1. the right to designate the primary residence of the child/ren without geographic restriction;
2. the right to consent to medical, dental, and surgical treatment for the child/ren involving invasive procedures;
3. the right to consent to psychiatric and psychological treatment of the child/ren;
4. the right to receive child support and to save or spend these funds for the benefit of the child/ren;
5. the right to represent the child/ren in legal action and to make other decisions of substantial legal significance concerning the child/ren;
6. the right to consent to marriage and to enlistment in the United States Armed Forces;
7. the right to make decisions concerning the child/ren's education;
8. the right to the services and earnings of the child/ren;
9. except when a guardian of the child/ren's estates or a guardian or attorney ad litem has been appointed for the child/ren, the right to act as an agent of the child/ren in relation to the child/ren's estates if the child/ren's action is required by a state, the United States, or a foreign government;
10. the duty to manage the estates of the child/ren to the extent the estates have been created by community property or the joint property of the parents.

### 7C. Order Regarding Passports for the Children

The Court **ORDERS** that: (Check one.)

☐ Mother shall have the <u>exclusive</u> right to apply for and renew passports for the child/ren.

☐ Father shall have the <u>exclusive</u> right to apply for and renew passports for the child/ren.

☑ Neither parent shall have the <u>exclusive</u> right to apply for and renew passports for the child/ren.

*The parties are ordered to follow the standard possession and access order, except that Mehmet Turan Erkan must obtain and maintain a home with a bedroom for each child before the children may visit overnight.*

## 8. Possession and Access (Visitation)

The Court **ORDERS** that the parents shall have possession and access to the child/ren as ordered in the:

*(Check one. Attach the appropriate Possession and Access Order to this Decree. Write Exhibit A at the top.)*

☑ Standard Possession and Access Order attached as Exhibit A and fully incorporated into this Decree.

☐ Modified Possession and Access Order attached as Exhibit A and fully incorporated into this Decree.

☐ Supervised Possession and Access Order attached as Exhibit A and fully incorporated into this Decree.

*(Check only if needed. Attach a Possession and Access Order for Child Under 3 to this Decree. Write Exhibit B at the top.)*

☐ The Court **ORDERS** that until a child is 3 years old, the parents shall have possession and access to the child as ordered in the Possession and Access Order for Child Under 3 attached as Exhibit B and fully incorporated into this Decree. The Court **ORDERS** that beginning on the child's 3rd birthday, the parents shall have possession and access to the child as ordered in the Possession and Access Order attached as Exhibit A.

## 9. Child Support

### 9A. Order to Pay Child Support

The Court **ORDERS** __Mehmet Turan Erkan__ (Obligor) to pay
*(Print the name of the parent who will pay child support.)*

child support to __Habibe Nalan Erkan__ (Obligee) in the amount
*(Print the name of the parent who will receive child support.)*

and manner described below until one of the following *events that terminate child support* occurs for

<u>each</u> child.

### Events that Terminate Child Support

*(See Texas Family Code Sections 154.006 and 154.002.)*

The obligation to pay child support for a child terminates when:

- The child turns 18, unless when the child turns 18 he or she is enrolled and complying with attendance requirements in a secondary school program leading toward a high school diploma or enrolled in courses for joint high school and junior college credit then child support terminates at the end of the month in which the child graduates. *-or-*
- The child marries, dies, or is emancipated by court order. *-or-*
- The child begins active duty in the United States armed forces. *-or-*
- A court terminates the parent-child relationship between the man ordered to pay child support and the child based on genetic testing that determines the man is not the child's father. *-or-*
- The person ordered to pay child support and the person ordered to receive child support marry or remarry each other, unless a nonparent or agency has been appointed conservator of the child.

### 9B. Obligor and Obligee

The Court **ORDERS** that the parent ordered to **pay** child support above is the **Obligor** and will be referred to as the **"Obligor"** throughout this section and section 10.

The Court **ORDERS** that the parent ordered to **receive** child support above is the **Obligee** and will be referred to as the **"Obligee"** throughout this section and section 10.

9

### 9C. Child Support Amount(s)

If only <u>one</u> child will receive support, check box **9C(1)** and fill in the child support amount.

If <u>more</u> than one child will receive support, check box **9C(2)** and fill in the child support amounts.

**9C(1)** ☐ **<u>For a Single Child</u>** Write in the child support amount for the single child on the 1st line below. Write in the date the 1st child support payment is due on the 2nd line. Choose a due date that is after the date this decree will be signed by the Court.

Obligor is **ORDERED** to pay $_____ child support per month. The 1st payment is

due on _____. A like payment is due on the 1st day of each month
        *Month / Day / Year*

after that **until** child support terminates for the child.

**9C(2)** ☑ **<u>For Multiple Children</u>** Write in the total child support amount for <u>all</u> of the children on the 1st line. Write in the date the 1st child support payment is due on the 2nd line. Choose a due date that is after the date this decree will be signed by the Court.

On each additional line, write in the child support amount for <u>one fewer</u> child. For example, if you have 3 children write in the child support amount for all 3 children on the 1st line, the child support amount for 2 children on the 3rd line and the child support amount for 1 child on the 4th line.

**Note:** Child support based on the guidelines set out in Texas Family Code Chapter 154, Subchapter C, <u>decreases</u> each time child support terminates for one of the children.

Obligor is **ORDERED** to pay $ _342_____ child support per month. The 1st payment is

due on _January 1, 2014_. A like payment is due on the 1st day of each month after
       *Month / Day / Year*

that **until** child support terminates for <u>one</u> child.

After child support terminates for <u>one</u> child, Obligor is **ORDERED** to pay $ _273.60_ child support per month. The 1st payment is due on the 1st day of the 1st month after child support terminates for one child. A like payment is due on the 1st day of each month after that **until** child support terminates for a <u>second</u> child.

After child support terminates for <u>two</u> children, Obligor is **ORDERED** to pay $_____ child support per month. The 1st payment is due on the 1st day of the 1st month after child support terminates for a second child. A like payment is due on the 1st day of each month after that **until** child support terminates for a <u>third</u> child.

After child support terminates for <u>three</u> children, Obligor is **ORDERED** to pay $_____ child support per month. The 1st payment is due on the 1st day of the 1st month after child support terminates for a third child. A like payment is due on the 1st day of each month after that **until** child support terminates for a <u>fourth</u> child.

After child support terminates for <u>four</u> children, Obligor is **ORDERED** to pay $_____ child support per month. The 1st payment is due on the 1st day of the 1st month after child support terminates for a fourth child. A like payment is due on the 1st day of each month after that **until** child support terminates for a <u>fifth</u> child.

After child support terminates for <u>five</u> children, Obligor is **ORDERED** to pay $_____ child support per month. The 1st payment is due on the 1st day of the 1st month after child support terminates for a fourth child. A like payment is due on the 1st day of each month after that **until** child support terminates for a <u>sixth</u> child.

---

**Warning!** Do **not** pay child support directly to the other parent. Send all child support payments to the **<u>Texas Child Support Disbursement Unit, PO Box 659791, San Antonio, TX 78265.</u>** If you pay child support directly to the other parent, you won't get credit and you may have to pay again!

---

### 9D. Place of Payment

The Court ORDERS Obligor to send all child support payments to the **Texas Child Support State Disbursement Unit, PO Box 659791, San Antonio, TX 78265**, for distribution according to law.

The Court ORDERS Obligor to include the following information with each payment:
- Name of parent ordered to *pay* child support, *and*
- Name of parent ordered to *receive* child support, *and*
- Cause Number and County of Decree or Order, *and*
- Attorney General Case Number, if applicable.

Payments should be made out to the Texas State Disbursement Unit or TXSDU.

### 9E. No Credit for Informal Payments

IT IS ORDERED that money paid by Obligor directly to Obligee or spent while in possession of the child/ren does **NOT** count as child support and shall be deemed in addition to and not instead of the support ordered in this order.

### 9F. Child Support Account / Fees

Each parent is ORDERED to:
- Fill out any forms necessary to set up a child support account, *and*
- Take the forms to the local Domestic Relations Office or county child support liaison within 5 days after the judge orders child support, *and*
- Pay when due all fees charged to that parent by the state disbursement unit and any other agency authorized by law to a charge a fee for the collection and distribution of child support.

### 9G. Guideline or Non-Guideline Support

The Court finds that the child support ordered above is:

☑ **Guideline Support:** The amount of child support is approximately the amount recommended by the Texas Family Code Child Support Guidelines. *See Texas Family Code, Chapter 154, Subchapter C.*

☐ **Non-Guideline Support:** The amount of child support differs significantly from the amount recommended by the Texas Family Code Child Support Guidelines.

*(If the amount ordered is not based on the guidelines, you must also provide the following information.)*

The net monthly income/resources of the Obligor is $ _____.

The net monthly income/resources of the Obligee is $ _____.

Guideline child support would be _____ % of Obligor's <u>net</u> monthly resources, which is $_____ per month.

The **actual** monthly child support amount ordered is $_____, which is _____ % of Obligor's net monthly income/resources.

Guideline child support would be unjust or inappropriate under the circumstances because:

_____

_____

_____

_____

### 9H. Income Withholding

**IT IS ORDERED** that any employer of Obligor is ordered to withhold child support from Obligor's disposable earnings.

If an income withholding for support order is served on Obligor's employer, the employer shall withhold child support payments from Obligor's pay, and send it to the **Texas Child Support Disbursement Unit, PO Box 659791, San Antonio, TX 78265**, where the payments shall be recorded, and forwarded to Obligee. All child support withheld and paid in accordance with this order shall be credited against Obligor's child support obligation.

If the employer withholds less than 100% of the child support ordered, Obligor is ORDERED to send the balance owed to the **Texas Child Support Disbursement Unit, PO Box 659791, San Antonio, TX 78265**.

If an income withholding for support order is not served on the employer, or if Obligor's is self-employed or unemployed, Obligor's is ORDERED to send all child support payments to the **Texas Child Support Disbursement Unit, PO Box 659791, San Antonio, TX 78265**.

IT IS ORDERED that the Clerk of this Court shall cause a certified copy of the income withholding for support order to be delivered to any employer of Obligor, if asked to do so by Obligor, Obligee, a prosecuting attorney, the title IV-D agency, a friend of the Court, or a domestic relations office.

### 9I. Suspension of Income Withholding

*Check here if all parties agree not to have the employer withhold child support payments at this time.*

☐ The parties agree, and the Court ORDERS that an income withholding for support order shall not be served on the employer **unless:** 1) child support payments are more than 30 days late, 2) the past due amount is the same or more than the monthly child support amount, 3) another violation of this child support order occurs or 4) the Office of the Attorney General Child Support Division is providing services to Obligee. Obligor is ORDERED to send all child support payments to the **Texas Child Support Disbursement Unit, PO Box 659791, San Antonio, TX 78265**, where the payment will be recorded, and forwarded to Obligee.

### 9J. Change of Employment

Obligor is ORDERED to notify this Court and Obligee by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than **7 days** after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of Obligor and the name and address of Obligor's current employer, whenever that information becomes available.

### 9K. Child Support After Death

IT IS ORDERED that the provisions for child support in this decree shall be an obligation of Obligor's estate and shall not terminate on his/her death. Payments received for the benefit of the child/ren, including payments from the Social Security Administration, Department of Veterans Affairs, or other governmental agency or life insurance proceeds, annuity payments, trust distributions, or retirement survivor benefits, shall be a credit against this obligation. Any remaining balance of the child support is an obligation of Obligor's estate.

### 9L. Life Insurance Policy

*Check here if the person ordered to pay child support should also be ordered to maintain a life insurance policy for as long as child support is ordered.*

☐ As additional child support, the person paying child support under this order is ORDERED to obtain and maintain a life insurance policy on his or her life for as long as child support is ordered. The value of the policy shall be at least as much as the total child support obligation. The person receiving child support under this order must be named as the primary beneficiary for the benefit of the children.

## 10.  Medical Support

### 10A.  Obligation to Provide Medical Support

<u>As additional child support</u>, the Court **ORDERS** the parents to provide medical support as set out in this order for each child listed in *5A* above until one of the following *events that terminate child support and medical support* occurs for the child.

#### Events that Terminate Child Support and Medical Support

The obligation to pay child support and medical support for a child terminates when:

- The child turns 18, unless when the child turns 18 he or she is enrolled and complying with attendance requirements in a secondary school program leading toward a high school diploma or enrolled in courses for joint high school and junior college credit then child support terminates at the end of the month in which the child graduates. *-or-*
- The child marries, dies, or is emancipated by court order. *-or-*
- The child begins active duty in the United States armed forces. *-or-*
- A court terminates the parent-child relationship between the man ordered to pay child support and the child based on genetic testing that determines the man is not the child's father. *-or-*
- The person ordered to pay child support and the person ordered to receive child support marry or remarry each other, unless a nonparent or agency has been appointed conservator of the child.

---

*Note about the law:*

*The* **Obligor** *is the parent ordered to <u>pay</u> child support. The* **Obligee** *is the parent ordered to <u>receive</u> child support.*

*The law presumes that the* **Obligor** *(the parent ordered to <u>pay</u> child support) will also pay for the children's health insurance <u>or</u> pay cash medical support.*   *Texas Family Code 154.183*

*The law says that the monthly cost of health insurance is* **reasonable** *if it's not more than 9% of the* **Obligor's** *monthly resources for all of Obligor's child/ren.*   *Texas Family Code 154.181(e)*

---

### 10B.  Availability of Health Insurance

The Court makes the following findings regarding the <u>availability</u> of health insurance:

*(Check box 10B(1) or 10B(2) and fill in the requested information.)*

**10B(1)** ☐  Health insurance for the children **is** available at *reasonable* cost to **Obligor** through:

    ☐  **Obligor's** *work or membership in a union, trade association, or other organization or another source available to Obligor.* The actual cost of the health insurance is $ _____ per month.

    ☐  **Obligee's** *work or membership in a union, trade association, or other organization or another source available to Obligee.* The actual cost of the health insurance is $ _____ per month.

    *(Note: If health insurance for the children is available to <u>Obligee</u>, and Obligee has <u>other children</u> covered by the same health insurance determine the actual cost of insuring the children in this case by doing this: Divide the total cost of insuring all the children covered by the plan by the number of children insured. Then, multiply that number by the number of children in this case.)*

**10B(2)** ☑  Private health insurance for the children **is not** available to either parent at reasonable cost.

    The child/ren  ☑ **is/<u>are</u>**  ☐ **is not/are not**  currently covered by **Medicaid**.

    The child/ren  ☐ **is/<u>are</u>**  ☐ **is not/are not**  currently covered by **C.H.I.P.**

    The cost, if any, is $ _____ ☐ per month ☐ per year.

> **Note about the law:**
>
> The law says the Court should make an order regarding medical support using the following priorities, unless the Court finds that a different order would be in the best interest of the child/ren.
>
> The Court's **1st choice** should be health insurance through a parent's work or membership in a union, trade association, or other organization (if it is available at a reasonable cost to the Obligor).
>
> The Court's **2nd choice** should be health insurance available to a parent through another source (if it is available at a reasonable cost to the Obligor).
>
> The Court's **3rd choice** should be health insurance through a government medical assistance program, i.e. Medicaid or C.H.I.P.       *Texas Family Code 154.182*

*(Check only if applicable.)*

☐ Good cause exists to make an order that does not follow the priorities set out in Texas Family Code Section 154.182 for the following reasons: *(See note about the law above.)*

_____

_____

### 10C. Orders Regarding Health Insurance and Cash Medical Support

Check box **10C(1)**, **10C(2)**, **OR** **10C(3)** and write in the appropriate names.

- Check box **10C(1)** if the **Obligor** will provide and pay for health insurance for the children.

- Check box **10C(2)** if the **Obligee** will provide health insurance for the children and the **Obligor** will pay cash medical support to reimburse the Obligee for the cost of the insurance. Don't forget to write in the date the 1st payment of cash medical support is due. Choose a due date that is after the date this decree will be signed by the Court.

- Check box **10C(3)** if neither parent has access to private health insurance at a reasonable cost. **Obligee** will be ordered to apply for coverage under a government medical assistance program and **Obligor** will be ordered to pay cash medical support. Don't forget to write in the date the 1st payment of cash medical support is due. Choose a due date that is after the date this decree will be signed by the Court.

### 10C(1) ☐ Obligor to Provide and Pay for Health Insurance

As additional child support, the Court ORDERS Obligor, _____,
                                                   *(Print name of parent ordered to pay child support)*

to get health insurance for the child/ren **within 15 days** of the date of this order through: *(Check one.)*

☐ Obligor's work or membership in a union, trade association, or other organization.

☐ another source available to Obligor.

The health insurance must cover basic healthcare services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services.

Obligor is ORDERED to pay, as additional child support, all costs of such health insurance, including but not limited to enrollment fees and premiums.

Obligor is ORDERED to keep such health insurance in full force and effect on each child, who is the subject of this suit, until one of the above **events that terminate child support and medical support** occurs for the child.

Obligor is ORDERED to give Obligee the following **within 30 days** of the date of this order:
- o Obligor's social security number and the name and address of Obligor's employer, **and**
- o the name of the insurance carrier, the policy number, and proof the child/ren are covered, **and**
- o a copy of the insurance policy and list of benefits covered, **and**
- o insurance membership cards for the child/ren, **and**
- o any forms needed to use the health insurance, **and**
- o any forms needed to submit a claim.

Obligor is ORDERED to give Obligee the following **within 3 days** of receipt:
- o any insurance checks or other payments for medical expenses paid by Obligee **and**

o   any explanations of benefits relating to medical expenses paid or incurred by Obligee.

If health insurance benefits for the child/ren are <u>changed</u> in any way, Obligor is ORDERED to give Obligee information about the change and any new forms needed to use the insurance **within 15 days** of the change.

If health insurance benefits are <u>cancelled</u>, Obligor is ORDERED to get new health insurance for the children **within 15 days** of the date of <u>cancellation</u>. The new insurance must equal or exceed the prior level of coverage. The new health insurance must cover basic healthcare services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services.

If Obligor is eligible for dependent health coverage but fails to apply to obtain coverage for the child/ren, the insurer is ORDERED to enroll the child/ren on application of Obligee or others as authorized by law. *See Texas Insurance Code, Section 1504.051*

**10C(2)** ☐ ***Obligee to Provide Health Insurance / Obligor to Reimburse Cost***

As additional child support, the Court ORDERS **Obligee**, _____,
*(Print name of the person who will **receive** child support)*

to get health insurance for the child/ren **within 15 days** of the date of this order through: *(Check one.)*

☐ <u>Obligee's</u> work or membership in a union, trade association, or other organization.

☐ another source available to <u>Obligee</u>.

The health insurance must cover basic healthcare services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services.

Obligee is ORDERED to maintain such health insurance in full force and effect on each child until one of the above ***events that terminate child support and medical support*** occurs for the child.

Obligee is ORDERED to give Obligor the following **within 30 days** of the date of this order:

o   Obligee's social security number and the name and address of Obligee's employer, **and**

o   the name of the insurance carrier, the policy number, and proof the child/ren are covered, **and**

o   the name of the insurance company and the policy number, **and**

o   a copy of the insurance policy and list of benefits covered, **and**

o   insurance membership cards for the child/ren, **and**

o   any forms needed to use the health insurance, **and**

o   any forms needed to submit a claim.

Obligee is ORDERED to give Obligor the following **within 3 days** of receipt:

o   any insurance checks or other payments for medical expenses paid by Obligor **and**

o   any explanations of benefits relating to medical expenses paid or incurred by Obligor.

If health insurance benefits for the child/ren are <u>changed</u> in any way, Obligee is ORDERED to give Obligor information about the change and any new forms needed to use the insurance **within 15 days** of the change. If the <u>cost</u> of health insurance benefits for the child/ren <u>changes</u>, Obligee is ORDERED to give Obligor information about the change **within 15 days** of the change.

If health insurance benefits are <u>cancelled</u>, Obligee is ORDERED to get new health insurance for the children **within 15 days** of the date of cancellation. The new insurance must equal or exceed the prior level of coverage. The new health insurance must cover basic healthcare services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services.

If Obligee is eligible for dependent health coverage but fails to apply to obtain coverage for the child/ren, the insurer is ORDERED to enroll the child/ren on application of Obligor or others as authorized by law. *See Texas Insurance Code, Section 1504.051*

As additional child support, the Court ORDERS **Obligor**, _____,
*(Print name of parent ordered to pay child support)*

to pay Obligee **cash medical support** of $ _____ per month for **reimbursement** of health

insurance premiums. The 1st payment is due on _____. A like payment is
*Month / Day / Year*

due on the 1st day of each month after that until one of the above **events that terminate child support and medical support** occurs for <u>each</u> child.

Obligor is ORDERED to send all cash medical support payments to the **Texas Child Support Disbursement Unit, PO Box 659791, San Antonio, TX 78265,** for distribution according to law.

The Court ORDERS that money paid by Obligor directly to Obligee or spent while in possession of the children does **NOT** count as cash medical support.

The Court ORDERS that the cash medical support provisions of this order shall be an obligation of the estate of Obligor and shall not terminate on his/her death.

> **Warning!** **Do not** pay cash medical support directly to the other parent. Send all payments to the Texas Child Support Disbursement Unit, PO Box 659791, San Antonio, TX 78265.

**10C(3) ☐ Obligee to Apply for Coverage under a Government Medical Assistance Program or Health Plan X Obligor to Pay Cash Medical Support**

The Court ORDERS **Obligee**, _____, to apply on behalf of
                                     *(Print name of person who will **receive** child support)*

each child for coverage under a governmental medical assistance program or health plan (i.e. Medicaid or C.H.I.P) **within 15** days of the date this decree or order is signed by the Court. If the children are already covered under such a program or plan, the Court ORDERS Obligee to continue such coverage.

When such health coverage is obtained, Obligee is ORDERED to maintain the coverage in full force and effect on each child by paying all applicable fees required for the coverage, including but not limited to enrollment fees and premiums for as long as the children are eligible for such covereage.

Obligee is ORDERED to give the Office of the Attorney General Child Support Division a copy of the insurance policy and list of benefits covered **within 30 days** of the date of this order.

Obligee is ORDERED to give Obligor the following **within 30 days** of the date of this order:
o  the name of the insurance company and the policy number, **and**
o  a copy of the insurance policy and list of benefits covered, **and**
o  insurance membership cards for the child/ren, **and**
o  any forms needed to use the health insurance, **and**
o  any forms needed to submit a claim.

Obligee is ORDERED to give Obligor the following **within 3 days** of receipt:
o  any insurance checks or other payments for medical expenses paid by Obligor **and**
o  any explanations of benefits relating to medical expenses paid or incurred by Obligor.

If Obligee is eligible for dependent health coverage but fails to apply to obtain coverage for the child/ren, the insurer is ORDERED to enroll the child/ren on application of Obligor or others as authorized by law. *Texas Insurance Code, Section 1504.051*

<u>As additional child support</u>, the Court ORDERS **Obligor**, _____,
                                     *(Print name of **parent** ordered to **pay child support**)*

to pay Obligee **cash medical support** of $ _____ per month. The 1st payment is due

on _____. A like payment is due on the 1st day of each month after that until
   *Month / Day / Year*

one of the above **events that terminate child support and medical support** occurs for <u>each</u> child.

The Court ORDERS Obligor to send all cash medical support payments to the **Texas Child Support Disbursement Unit, PO Box 659791, San Antonio, TX 78265**, for distribution according to law.

> **Warning!** Do **not** pay cash medical support directly to the other parent. Send all payments to the Texas Child Support Disbursement Unit, PO Box 659791, San Antonio, TX 78265.

16

The Court ORDERS that money paid by Obligor directly to Obligee or spent while in possession of the children does **NOT** count as cash medical support.

IT IS ORDERED that Obligor is allowed to **stop paying of cash medical support**, for the time Obligor is providing health insurance coverage for the children, **if**:

   a. health insurance for the children becomes available to Obligor at a reasonable cost; *and*

   b. Obligor enrolls the child/ren in the insurance plan and pays all costs of the insurance; *and*

   c. Obligor provides Obligee and the Texas Office of the Attorney General, Child Support Division the following information:

   (1) proof that health insurance has been provided for the child/ren, *and*

   (2) Obligor's social security number, *and*

   (3) name and address of the Obligor's employer, *and*

   (4) whether the employer is self-insured or has health insurance available, *and*

   (i) if the employer is self-insured, a copy of the schedule of benefits, a membership card, claim forms, and any other information necessary to submit a claim, *or*

   (ii) if the employer has health insurance available, the name of the health insurance carrier, the policy number, a copy of the policy and schedule of benefits, a health insurance membership card, claim forms, and any other information necessary to submit a claim.

> **Note:** *This provision regarding when the Obligor may stop paying cash medical support is part of section 10C3. It does **not** apply to any other section.*

## 10D. Expenses Not Covered by Insurance

Obligor and Obligee are each ORDERED to pay **50 percent** of all reasonable and necessary health-care expenses for the child/ren that are not covered by health insurance, unless:

**10C(1)** above is checked and Obligor is not providing health insurance as ordered, then Obligor is liable for **100 percent** of all necessary medical expenses of the child/ren.

**10C(2)** above is checked and Obligee is not providing health insurance as ordered, then Obligee is liable for **100 percent** of all necessary medical expenses of the child/ren.

If **10C(3)** above is checked, Obligee is ORDERED to pay **50 percent** of all reasonable and necessary health-care expenses for the child/ren that are not reimbursed by health insurance or covered by the cash medical support paid by Obligor and Obligor is ORDERED to pay **50 percent** of the total unreimbursed health-care expenses that exceed the amount of cash medical support paid by Obligor. Obligor is liable for **100 percent** of all necessary medical expenses incurred for the child/ren in any month that Obligor neither pays cash medical support nor provides health insurance for the child/ren.

Reasonable and necessary health care expenses that must be paid by the parents if not covered by insurance include:

o  copayments for office visits and prescription drugs, *and*

o  the yearly deductible, if any, *and*

o  medical, surgical, and prescription drug expenses, *and*

o  mental health-care services, *and*

o  dental and orthodontic expenses, *and*

o  eye care and ophthalmological expenses.

These reasonable and necessary health-care expenses do not include expenses for travel to and from the health-care provider or for nonprescription medication.

The parent who incurs a health-care expense on behalf of a child (called the *"incurring parent"*) is ORDERED to give the other parent (called the *"nonincurring parent"*) a copy of all forms, receipts, bills,

statements, and explanations of benefits that show the portion of the expense not covered by insurance **within 30 days** of receipt.

The nonincurring parent is ORDERED to pay his or her percentage of any uninsured expense **within 30 days** of receiving documentation of the expense by:

o   paying the health-care provider directly, *or*

o   reimbursing the incurring parent, if the nonincurring parent's portion of the expense has already been paid.

### 10E. Claims

Either parent may file claims and receive payments directly from the insurance carrier. Further, for the sole purpose of *Texas Insurance Code Sections 1204.251 and 1204.252*, the party who is not carrying the insurance policy is designated the managing conservator or possessory conservator of the children.

Any reimbursement payments received from the health insurance carrier belongs to the parent who paid the expense. If the insurance carrier sends reimbursement to the parent who did <u>not</u> pay the expense, he or she is ORDERED to endorse the check and deliver it to the parent who paid the expense **with 3 days.**

### 10F.   Health Insurance Policy Requirements

Each parent is ORDERED to follow all requirements of any health insurance policy covering the child/ren to get maximum reimbursement and direct payment from the insurance company. This includes requirements for:

o   giving advance notice to the insurance company, *and*

o   getting second opinions, *and*

o   using "preferred providers."

If a parent incurs health-care expenses for the child/ren using "out-of-network" health-care providers or services, or fails to follow the health insurance company procedures or requirements, that parent shall pay all such health-care expenses incurred unless:

o   the expenses are emergency health-care expenses, *or*

o   the parents have a written agreement regarding such health-care expenses, *or*

o   the Court makes a different order.

Denial of a bill by an insurance carrier does not excuse the obligation of the parents to pay the expense.

## 11. Parent's Information

### 11A. Disclosure of Mother's Information

*(Check one box.)*

☑ The Court ORDERS Mother to disclose the following information and changes in that information to Father, the Court and the State Case Registry as required by Texas Family Code 105.006 and ORDERED in section **12** of this Decree. *(Fill in the following information for the Wife/Mother.)*

| | |
|---|---|
| Name: | Habibe Nalan Erkan |
| Home Address: | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| Mailing Address: | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| Home phone # | ▓▓▓▓▓▓▓▓   Work phone #: (   ) |
| FULL Social Security #: | ▓▓▓▓▓▓▓▓ |
| Driver's License #: | _____ Issuing state: _____ |
| Employer: | _____ |
| Work address: | _____ |

☐ The Court finds, pursuant to Texas Family Code 105.006(c) and 105.007(c), that disclosure of Mother's information to Father is likely to cause Mother or the children harassment, abuse, serious harm or injury. The Court ORDERS that Mother's address and other identifying information not be disclosed. The Court further ORDERS that Mother is **not** required to give her address or other identifying information to Father or notify Father or the Court of changes in that information. The Court ORDERS Mother to provide her mailing address and changes in her mailing address to the State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

### 11B. Disclosure of Father's Information

*(Check one box.)*

☑ The Court ORDERS Father to disclose the following information and changes in that information to Mother, the Court and the State Case Registry as required by Texas Family Code 105.006 and ORDERED in section **12** of this Decree. *(Fill in the following information for the Husband/Father.)*

| | |
|---|---|
| Name: | Mehmet Turan Erkan |
| Home Address: | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| Mailing Address: | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| Home phone #: | ▓▓▓▓▓▓   Work phone #: ▓▓▓▓▓▓ |
| FULL Social Security #: | ▓▓▓▓▓▓▓▓ |
| Driver's License #: | ▓▓▓▓▓▓ Issuing state: Texas |
| Employer: | ▓▓▓▓▓▓▓▓ |
| Work address: | ▓▓▓▓▓▓▓▓ |

☐ The Court finds, pursuant to Texas Family Code Section 105.006(c) and 105.007(c), that disclosure of Father's information to Mother is likely to cause Father or the children harassment, abuse, serious harm or injury. The Court ORDERS that Father's address and other identifying information **not** be disclosed. The Court further ORDERS that Father is **not** required to give his address or other identifying information to Mother or notify Mother or the Court of changes in that information. The Court ORDERS Father to provide his mailing address and changes in his mailing address to the State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

---

## 12.  Required Notices

**<u>This section is not applicable if and to the extent it conflicts with the Court's Order regarding disclosure of information in section 11 above.</u>**

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EVERY OTHER PARTY, THE COURT, AND THE STATE CHILD SUPPORT REGISTRY OF ANY CHANGE IN THE PARTY'S:

- CURRENT RESIDENCE ADDRESS,
- MAILING ADDRESS,
- HOME TELEPHONE NUMBER,
- NAME OF EMPLOYER,
- ADDRESS OF EMPLOYMENT,
- DRIVER'S LICENSE NUMBER, AND
- WORK TELEPHONE NUMBER.

THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO THE OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE.  IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO GIVE NOTICE OF THE CHANGE TO PROVIDE 60-DAYS NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE 5TH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EVERY OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EVERY OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT.  A FINDING OF CONTEMPT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to **every other party** by delivering a copy of the notice to each party by registered or certified mail, return receipt requested.

Notice shall be given to the **Court** by delivering a copy of the notice either in person to the clerk of the Court or by registered or certified mail addressed to the clerk.

Notice shall be given to the **State Case Registry** by mailing a copy of the notice to the State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas  78711-2017.

## 13.  WARNINGS TO PARTIES

FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THIS ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

## 14.   Property and Debt

> **WARNING: _Additional forms are needed to divide retirement benefits and to transfer title to real estate._**
>
> _If you plan to divide retirement benefits or you jointly own a house or land with your spouse, do **NOT** use this form without first talking to a lawyer. You can hire a lawyer to review and appropriately modify this decree and write the additional documents you must have for a flat fee. Call your local lawyer referral service or the State Bar of Texas Lawyer Referral Information Service at 1(800) 252-9690 for help finding a lawyer._
>
> _About community property: Texas is a community property state. This means that any new property or debt that either party obtains from the minute they are married until the minute the judge grants the divorce is probably community property, even if the property or debt is only in one spouse's name. There are only a few exceptions to the law of community property. The exceptions are gifts, inheritance or a recovery for personal injuries that occurred during the marriage that was not for lost wages or medical expenses. All community property and debt should be included in the Final Decree of Divorce._
>
> _About separate property: If either party receives a gift, an inheritance, or a recovery for personal injuries that occurred during the marriage that was not for lost wages or medical expenses, it is separate property. It is a good idea to list separate property obtained during the marriage as that individual's separate property in the Final Decree of Divorce._
>
> _Talk to a lawyer if you have questions about property and debt._

The Court makes the following orders regarding the parties' community and separate property:

### Husband's Separate Property

_(Fill in all lines. If there is no property to declare in any particular category, write "none".)_

The Court confirms that the Husband owns the following property as his separate property:

1.  **House** located at: _____

             _Street Address_                 _City_            _State_         _Zip_

    ☐ Husband owned this house before marriage.
    ☐ Husband received this house as a gift or inheritance.

2.  **Land** located at: _____

             _Street Address_                 _City_             _State_         _Zip_

    ☐ Husband owned this land before marriage.
    ☐ Husband received this land as a gift or inheritance.

3.  **Cars, trucks, motorcycles or other vehicles**

    Husband owned these vehicles _before_ marriage or received them as a gift or inheritance during the marriage:

| Year | Make | Model | Vehicle Identification No. [VIN] |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

4.  **Other Money or Property**

    Husband owned the following money or personal property _before_ the marriage:

_____

    Husband inherited or received as a gift the following money or personal property _during_ the marriage:

_____

    Husband received the following money recovery for personal injuries that occurred during the marriage that was not for lost wages or medical expenses:

_____

## Husband's Community Property

The Court ORDERS that the Husband is awarded *(gets)* the following property as his sole and separate property, and Wife conveys *(gives)* to Husband her interest in the property, and Wife is divested of *(loses)* all right, title, interest and claim in and to that property.

Wife IS ORDERED to sign any deeds or documents needed to transfer any property listed below to the Husband. Husband is responsible for preparing the documents.

1. All property in Husband's care, custody or control, or in Husband's name, that this Final Decree of Divorce does not give to the Wife.

2. House or land located at:

       Street Address           City     State     Zip

   Legal Description: _____ *S.Y.*

3. Other real property located at: *Turkey — all wife's interest as of 12-9-2013*

       Street Address           City     State     Zip

   Legal Description: *Şişli 1. Bölge (Kapatıldı.); ŞİŞLİ Mah.; Pafta No: 153, Ada No: 1080, Parsel No: 10; Kat: 2 Bağımsız, Bölüm No: 4*  *03/08/1992 - 3356.*

4. All of Husband's employment benefits, including retirement, pension, 401(k), profit-sharing, and stock option plans that are in his name alone, along with all of Husband's military retirement benefits and individual retirement accounts (IRAs) that are in his name alone. *(Note: If you want to divide retirement or employment benefits do NOT use this form. Talk to an attorney.)*

5. All cash and money in any bank or other financial institution listed in Husband's name alone.

6. Any insurance policy that covers Husband's life.

7. Husband's cars, trucks, motorcycles or other vehicles listed below:

| Year | Make | Model | Vehicle Identification No. [VIN] |
|------|------|-------|----------------------------------|
| *1997* | *Nissan* | *Sentra* | ▓▓▓▓▓▓▓▓▓▓ |
| | | | |

8. Husband will also keep the following property: _____

   _____

## Husband's Debts

The Husband shall pay the debts listed below:

1. All taxes, bills, liens, and other charges, present and future, that are in Husband's name alone or that this Decree gives to the Husband alone, unless this Decree requires otherwise.

2. Any debt Husband incurred after separation. Date of separation: _____.
                                           Month  Day  Year

3. The balance due on any loan or mortgage for the real property that this Decree gives to Husband alone.

4. The balance due on any loan for any vehicles that this Decree gives to Husband alone.

5. All other debts listed below, which are not in Husband's name alone: *(such as credit cards, student loans, medical bills, income taxes)* _____

   _____

   _____

## Wife's Separate Property

*(Fill in all lines. If there is no property to declare in any particular category, write "none".)*

The Court confirms that Wife owns the following property as her separate property:

1. **House** located at: _____
   Street Address   City   State  Zip
   - ☐ Wife owned this house before marriage.
   - ☐ Wife received this house as a gift or inheritance.

2. **Land** located at: _____
   Street Address   City   State  Zip
   - ☐ Wife owned this land before marriage.
   - ☐ Wife received this land as a gift or inheritance.

3. **Cars, trucks, motorcycles or other vehicles**

   Wife owned these vehicles before the marriage or received them as a gift or inheritance during the marriage:

   | Year | Make | Model | Vehicle Identification No. [VIN] |
   |------|------|-------|--------------------------------|
   | ~~1999~~ | ~~Subaru~~ | ~~Forrester~~ | |
   | | | | |

4. **Other Money or Property**

   Wife owned the following money or property *before* the marriage:

   _____

   Wife inherited or received as a gift the following money or personal property *during* the marriage:

   _____

   Wife received the following money recovery for personal injuries that occurred during the marriage that was not for lost wages or medical expenses:

   _____

## Wife's Community Property

The Court ORDERS that the Wife is awarded *(gets)* the following property as her sole and separate property, and Husband conveys *(gives)* to Wife his interest in the property, and Husband is divested of *(loses)* all right, title, interest and claim in and to that property.

Husband IS ORDERED to sign any deeds or documents needed to transfer any property listed below to the Wife. Wife is responsible for preparing the documents.

1. All personal property in Wife's care, custody, or control, or in Wife's name, that this Decree does not give to the Husband.

2. ~~House or land~~ located in **Turkey** all interest of husband in the ~~house~~ property as of 12-9-2013
   real property   Street Address   City   State   Zip
   (s.y.)
   Legal Description: Atasehir, Kadiköy; SUADIYE Mah.; Pafta No:121, Ada No:3190, Parsel No:60; Kat:2 Bağımsız Bölüm No:6. 06/09/2000 - 9487

3. Other real property located in **Turkey** _____
   Street Address   City   State   Zip
   Legal Description: Atasehir, Kadiköy. SUADIYE Mah.; Pafta No:121, Ada No:3190, Parsel No:60; Kat:2 Bağımız Bölüm No:7. 06/09/2000-9487

all interest of husband in the property as of 12-9-2013.

<u>Court-Ordered Maintenance</u>.

The Court finds that under the circumstances presented in this case, Habibe Nalan Erkan is eligible for maintenance under the provisions of Texas Family Code chapter 8. Accordingly, Mehmet Turan Erkan is ordered to pay as maintenance the sum of $288.00 per month to Petitioner, with the first payment being due on the 1st day of January 2014, and a like amount being due the 1st day of each consecutive month thereafter until the earliest of one of the following events occurs:

1. the payments end on December 31, 2014;
2. death of either Mehmet Nalan Erkan or Habibe Nalan Erkan;
3. remarriage of Habibe Nalan Erkan; or
4. further orders of the Court affecting the spousal maintenance obligation.

Payment shall be made by Mehmet Nalan Erkan directly to Habibe Nalan Erkan in the form of cash, cashier's check, or money order at the last known address provided to Mehmet Nalan Erkan by Habibe Nalan Erkan.

4. All of Wife's employment benefits, including retirement, pension, 401(k), profit-sharing, and stock option plans that are in her name alone, along with all of Wife's military retirement benefits and individual retirement accounts (IRAs) that are in her name alone. *(Note: If you want to divide retirement or employment benefits do NOT use this form. Talk to an attorney.)*

5. All Wife's cash and money in any bank or other financial institution listed in Wife's name alone.

6. Any insurance policy that covers the Wife's life.

7. Wife's cars, trucks, motorcycles or other vehicles listed below:

| Year | Make | Model | Vehicle Identification No. [VIN] |
|------|------|-------|----------------------------------|
| 1999 | Subaru | Forester | |

8. Wife will also keep the following property: _____

_____

_____

_____

### Wife's Debts

The Wife shall pay the debts listed below:

1. All taxes, bills, liens, and other charges, present and future, that are in Wife's name alone or that this Decree gives to Wife alone, unless this Decree requires otherwise.

2. Any debt Wife incurred after separation. Date of separation: _____.
                                                             Month     Day     Year

3. The balance due on any loan or mortgage for the real property that this Decree gives to Wife alone.

4. The balance due on any loan for any vehicles that this Decree gives to Wife alone.

5. All other debts listed below, which are not in Wife's name alone: *(such as credit cards, student loans, medical bills, income taxes)* _____

_____

_____

## 15.    Muniment of Title

This Decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Decree of Divorce. *(A "muniment of title" creates an official record of ownership transfer.)*

## 16.    Name Change

The Court ORDERS the name of the:

*(Check all boxes that apply.)*

☐ Husband changed back to a name used before marriage, as it appears below.

_____
First                              Middle                             Last

☐ Wife changed back to a name used before marriage, as it appears below.

_____
First                              Middle                             Last

25

## 17.     Court Costs

The costs of court shall be paid by the party who incurred them to the extent the party is required to pay such costs.  A party who filed an *Affidavit of Indigency* is not required to pay costs, unless a contest to the *Affidavit of Indigency* was sustained by the Court in a separate written order.

## 18.     Other Orders

The court has the right to make other orders, if needed, to clarify or enforce the orders above.

## 19.     Final Orders

Any orders requested that do not appear above are denied.  This Decree is a final judgment that disposes of all claims and all parties and is appealable.  *Judgment for divorce rendered 12-9-2013. 5.4*

3-6-2014
**Date of Judgment**

_____
Judge's Signature

_____
**Judge's Printed Name**

**By signing below, the Petitioner agrees to the form and substance of this Decree.**

_____     (     )
Petitioner's Name (print)     **Phone number**

→ _____     _____
Petitioner's Signature     **Date**

**Mailing Address:** _____

_____

**Email:** _____

**Fax#:**
**(if available)** _____

**By signing below, the Respondent agrees to the form and substance of this Decree.**

_____     (     )
Respondent's Name (print)     **Phone number**

→ _____     _____
Respondent's Signature     **Date**

**Mailing Address** _____

_____

**Email:** _____

**Fax#:**
**(if available)** _____

# Exhibit A: Standard Possession and Access (Visitation) Order

The Court ORDERS that each conservator shall comply with all terms and conditions of this standard possession and access order.

The Court ORDERS that this standard possession (visitation) order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs the order to which this exhibit is attached.

## Designation of Conservators

The Court ORDERS that the conservators are designated in this exhibit as Home Parent and Co-parent.

The conservator known as the 'Home Parent' is: *(name)* **Habibe Nalan Erkan**

The conservator known as the 'Co-Parent' is: *(name)* **Mehmet Turan Erkan**

## Mutual Agreement

The Court ORDERS that Home Parent and Co-Parent shall have possession of the child/ren at any and all times mutually agreed to in advance by Home Parent and Co-Parent.

In the absence of mutual agreement, the Court ORDERS that Home Parent and Co-Parent shall have possession of the child/ren as ordered below.

## Undesignated Times

The Home Parent shall have the right to possession of the child/ren at all times not specifically ordered for Co-Parent.

## Definitions

**"School"** means the primary or secondary school where a child is enrolled, or if the child is not enrolled in a primary or secondary school, the public school district where the child primarily resides.

**"Child"** includes each child, whether one or more, who is part of this case while that child is under the age of eighteen years and not otherwise emancipated.

A **"weekend"** begins on the 1st, 3rd, and 5th Friday of each month at 6pm, and ends on the following Sunday at 6 pm, except when:

- The box "After school** is checked, then during the regular school year, the weekend begins at the time the child/ren's school is dismissed before the 1st, 3rd, or 5th weekend of each month.
- The box "Next school day*** is checked, then during the regular school year, the weekend ends at the time the child/ren's school starts on the next school day after the 1st, 3rd, or 5th weekend of each month (if Co-Parent cannot return the children to school on time, s/he must notify the school and the other parent).
- The 1st, 3rd, or 5th weekend coincides with a student holiday or teacher's in-service day or federal, state or local holiday that falls on a Monday, then the weekend begins on Friday, and ends on Monday; if the holiday falls on a Friday, then the weekend begins on Thursday, and ends on Sunday.
- If a weekend or midweek visit conflicts with the holiday or summer schedule, you must follow the holiday or summer schedule.

# Schedules

## 1A.    Co-Parent's Local Schedule

When the Co-Parent lives within 100 miles of the primary residence of the child/ren, the Co-Parent shall have the right to possession of the child/ren as follows:

| | | Co-parent's right to possession shall begin at: | Co-parent's right to possession shall end at: |
|---|---|---|---|
| Weekends* | On the 1st, 3rd, and 5th weekend of each month.  See definition above | After school** 6 pm | Next school day*** 8 pm |
| Mid-Week Visit | On Thursday of each school week | After school** 6 pm | School starts on Friday 8 pm |
| Thanksgiving *Odd-Numbered Years* | Starts last day of school before Thanksgiving and ends on Sunday. | After school** 6 pm | 6 pm |
| Christmas Break *Even-Numbered Years* | Starts the last day of school before Christmas Break and ends December 28th. | After school** 6 pm | noon |
| Christmas Break *Odd-Numbered Years* | Starts on December 28th and ends the day before school starts after Christmas Break. | noon | 6 pm |
| Spring Break *Even-Numbered Years* | Starts the last day of school before Spring Break and ends the day before school starts after Spring Break. | After school** 6 pm | 6 pm |
| Standard Summer | Starts on July 1st and ends on July 31st. | 6 pm | 6 pm |
| Different Summer *Co-Parent must notify Home Parent of the dates, in writing, by April 1.* | If Co-Parent gives Home Parent written notice by April 1 of each year, Co-Parent may choose a different 30-day summer schedule. The schedule must be: after school is dismissed for summer break, only 1 or 2 blocks of time, each at least 1 week long, and **not** during the last week of the summer break | 6 pm | 6 pm |

## 1B.  Home Parent's Local Schedule

Notwithstanding the weekend and midweek periods of possession ordered for Co-Parent above, it is expressly ORDERED that Home parent shall have a superior right to possession of the children as follows:

| | | Home-parent's right to possession shall begin at: | Home-parent's right to possession shall end at: |
|---|---|---|---|
| Thanksgiving *Even-Numbered Years* | Starts the last day of school before Thanksgiving and ends Sunday. | 6 pm | 6 pm |
| Christmas Break *Odd-Numbered Years* | Starts the last day of school before Christmas Break and ends December 28th. | 6 pm | noon |
| Christmas Break *Even-Numbered Years* | Starts on December 28th and ends the day before school starts after Christmas Break. | noon | 6 pm |
| Spring Break *Odd-Numbered Years* | Starts the last day of school before Spring Break and ends the day before school starts after Spring Break. | 6 pm | 6pm |
| Extended Summer *Home Parent must notify Co-Parent of the dates, in writing, by April 15th* | If the Home Parent gives the Co-parent written notice by April 15 of each year, the Home-parent may designate 21 days beginning not earlier than the day after the child's school is dismissed for the summer.  The dates must be exercised in not more than 2 separate periods of at least 7 consecutive days each.<br><br>**The dates must not be:**<br>• during the last week of the summer break<br>• during days when the Co-Parent has a scheduled summer, or Father's/Mother's Day visitation | 6 pm | 6 pm |
| Summer Weekend During Co-Parent's Summer Visitation *Home Parent must notify Co-Parent of the dates, in writing, by April 15th* | If the Home Parent gives the Co-parent written notice by April 15 of each year, the Home-parent shall have possession of the child/ren on 1 weekend during the child/ren's summer break, when the Co-Parent would otherwise be entitled to weekend possession of the child/ren.<br><br>**The weekend:**<br>• **Cannot** interfere with the Co-Parent's Father's or Mother's Day weekend<br>• **Cannot** be the last  weekend of summer | 6 pm | 6 pm |

## 2A. Co-Parent's Long Distance Schedule

When Co-Parent lives more than 100 miles from the primary residence of the child/ren, the Co-Parent shall have the right to possession of the child/ren as follows:

| | | Co-parent's right to possession shall begin at: | Co-parent's right to possession shall end at: |
|---|---|---|---|
| **Weekends\*** | On the 1st, 3rd, and 5th weekend of each month. A weekend starts Friday and ends Sunday.<br><br>**OR Alternate Weekend Possession\*\***<br><br>**If Co-Parent gives Home Parent written notice within 90 days after residing more than 100 miles apart,** Co-Parent shall have possession of the child/ren for any **one** weekend per month that the Co-Parent chooses. The Co-Parent must give the Home Parent at least 14 days notice (by phone or in writing), and the weekend cannot interfere with the holiday schedule. | 6 pm | 6 pm |
| **Thanksgiving** Odd-Numbered Years | Starts the last day of school before Thanksgiving and ends on Sunday. | 6 pm | 6 pm |
| **Christmas Break** Even-Numbered Years | Starts the last day of school before Christmas Break and ends December 28th. | 6 pm | noon |
| **Christmas Break** Odd-Numbered Years | Starts on December 28th and ends the day before school starts after Christmas Break. | noon | 6 pm |
| **Spring Break** (Every year) | Starts the last day of school before Spring Break and ends the day before school starts after Spring Break. | 6 pm | 6 pm |
| **Standard Summer** | Starts on June 15th and ends on July 27th | 6 pm | 6 pm |
| **Different Summer** *Co-Parent must notify Home Parent of the dates, in writing, by April 1.* | If Co-Parent gives Home Parent written notice by April 1 of each year, the Co-Parent may choose a different 42-day summer schedule, but it must be:<br><br>• Only 1 or 2 blocks of time, each at least 1 week long,<br><br>• **Not** during the last week of the summer break | 6 pm | 6 pm |

## 2B. Home Parent's Long Distance Schedule

Notwithstanding the weekend periods of possession ORDERED for Co-parent above, it is expressly ORDERED that Home parent shall have a superior right to possession of the children as follows:

| | | Home Parent's Right to Possession shall begin at: | Home parent's right to Possession shall end at: |
|---|---|---|---|
| **Thanksgiving** *Even-numbered years* | Starts last day of school before Thanksgiving and ends Sunday. | 6 pm | 6 pm |
| **Christmas Break** *Odd-Numbered Years* | Starts the last day of school before Christmas Break and ends December 28th. | 6 pm | noon |
| **Christmas Break** *Even-Numbered Years* | Starts on December 28th and ends the day before school starts after Christmas Break. | Noon | 6 pm |
| **Extended Summer** *Home Parent must notify Co-Parent of the dates, in writing, by April 15th, or give at least 14 days written notice of the dates, after April 15th.* | The Home Parent may choose 21 days during the summer when the child/ren will stay with the Home Parent.<br><br>The Home Parent's schedule must be:<br><br>• **Not** during the last week of the summer break<br><br>• **Not** during days when the Co-Parent has a scheduled summer, or Father's/Mother's Day visitation.<br><br>• Only I or 2 blocks of time, each at least 1 week long | 6 pm | 6 pm |
| **Summer Weekend During Co-Parent's Summer Visitation** *Home Parent must notify Co-Parent of the dates, in writing, by April 15th* | If the Co-Parent's summer visitation is 31 days or more, the Home Parent may choose to have the children for **two** weekends during the Co-Parent's summer visitation (or **one** weekend if the Co-Parent's summer visitation is 30 days or less). The weekends:<br><br>• **Cannot** be consecutive weekends during the Co-Parent's summer visitation schedule<br><br>• **Cannot** interfere with the Co-Parent's Father's or Mother's Day weekend<br><br>• **Cannot** be the last weekend of summer | 6 pm | 6 pm |

### 3. Child's Birthday, Mother's Day and Father's Day

Home Parent and Co-Parent shall also have the right to possession of the child/ren as follows, notwithstanding the weekend and midweek periods of possession ordered for Co-parent and regardless of the distance between the residence of a parent and the child:

#### Child's Birthdays

The Parent who does not already have a scheduled visit on the child's birthday shall have the right to possession of the child on the child's birthday, from 6 p.m. to 8 p.m., provided he or she picks up the child from the residence of the parent entitled to possession, and returns the child to the same place.

*(Check here only if you want to include the child's minor siblings for this birthday visit.)*
☑ This visit shall include the child's minor siblings.

#### Father's Day

If a conservator, the Father shall have possession of the child/ren on Father's Day weekend, provided he picks up the child/ren from the residence of the parent entitled to possession, and returns the child/ren to the same place.
The weekend starts Friday before Father's Day at 6 p.m. and ends at:
☑ 6 p.m. Sunday  **or**  ☐ 8 a.m. on the Monday after Father's Day.

#### Mother's Day

If a conservator, the Mother shall have possession of the child/ren on Mother's Day weekend, provided she picks up the child/ren from the residence of the parent entitled to possession, and returns the child/ren to the same place.
The weekend starts Friday before Mother's Day at:
☑ 6 p.m. **or**  ☐ at the time the child's school is regularly dismissed
and ends at:
☑ 6 p.m. Sunday **or** ☐ at the time the child's school resumes after Mother's Day

### 4. General terms and Conditions

Except as otherwise expressly provided in this standard Possession Order, the following terms and conditions apply regardless of the distance between the residence of a parent and the child:

#### Exchange of Children at *Start* of Co-parent's Possession

The Court ORDERS the Home Parent to surrender the child/ren to the Co-Parent at the beginning of each Co-parent's periods of possession at: *(Check one.)*
☑ Home parent's residence.
☐ The following location: _____

Unless a period of possession begins at the time the child/ren's school is regularly dismissed, then the Court ORDERS the Home parent to surrender the child to Co-parent at the beginning of each such period of possession at the school in which the child is enrolled.

If the child is <u>not</u> in school, Co-parent shall pick up the child at the location designated above and the Court ORDERS the Home parent to surrender the child to Co-parent at the location designated above.

If the children will not be in school, the Home-Parent shall immediately notify the Co-Parent.

#### Exchange of Children at *End* of Co-Parent's Possession

The Court ORDERS the Co-Parent to surrender the child/ren to the Home Parent at the end of Co-Parent's possession at: *(Check one.)*
☐ Co-Parent's residence.
☑ Home parent's residence.
☐ The following location: _____

However, if the Home Parent and Co-Parent live in the same county when the order is signed and the Co-Parent remains in the county, but the Home Parent moves out of the county, then beginning on the date Home Parent moves, Co-Parent shall return the child/ren to the Home parent at: *(Check one.)*

☑ Co-Parent's residence.
☐ the location designated above.

If a period of possession ends at the time the child/ren's school resumes, the Court ORDERS the Co-Parent to surrender the child/ren to Home Parent at the end of each such period of possession at the school in which the child is enrolled or, if the child is not in school, at the residence of Home Parent.

If the child/ren will not be delivered to school on that day, Co-Parent shall immediately notify the school and Home Parent that the child/ren will not or has not been returned to school.

## Child/ren's Personal Effects

The Court ORDERS each conservator to return with the child/ren the personal effects that the child brought at the beginning of the period of possession.

## Designation of Competent Adult

Each conservator may designate any competent adult to pick up and return the child/ren, as applicable. The Court ORDERS that a conservator or designated competent adult be present when the child/ren is/are picked up or returned.

## Notice if Unable to Exercise Possession

The Court ORDERS each conservator to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

## Written Notice

Written notice, including notice by email or fax, shall be deemed to have been timely made if received or, if applicable, postmarked before or at the time that notice is due.

## Notice to Peace Officer

**NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER.**

**A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY.**

**ANY PERSON WHO KNOWINGLY PRESENTS FOR LAW ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.**

This concludes the Possession (Visitation) Order.

---------------------------------------------------------------------------------------------------------------------

## CLERK'S CERTIFICATE

---------------------------------------------------------------------------------------------------------------------

The State of Texas          §

County of Travis          §

I, VELVA L. PRICE, Clerk of the District Courts of Travis County, Texas, do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5 (a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5 (b).

GIVEN UNDER MY HAND AND SEAL at my office in Travis County, Texas this 13TH day of July, 2015.

VELVA L. PRICE
District Clerk, Travis County, Texas

Chloe Jimenez
Deputy